FILED

14 APR 30 PM 3:09

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER WILLIAMS,<br><br>                             Petitioner,<br><br>   vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                            Respondent. | Civil No.   14cv1046-BEN (DHB)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

    Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that his incarceration has continued beyond the plea-bargained release date due to ineffective assistance of counsel. (Pet. at 6.) The Petition is subject to dismissal because Petitioner may not proceed with a habeas action under 28 U.S.C. § 2241 in federal court, but may only proceed under 28 U.S.C. § 2254, and venue for such a petition does not lie in this District.

### **PETITIONER MAY NOT PROCEED PURSUANT TO 28 U.S.C. §2241**

    Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the State of California. Therefore, Petitioner may not proceed under § 2241, but may only

proceed with a habeas action in federal court under 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that § 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Id.* at 1006 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). "By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition. In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims." *Id.* at 1006 (citing *McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003) (allowing a pre-trial detainee to proceed under § 2241). Thus, Petitioner may only proceed with a habeas petition in federal court under § 2254.

## JURISDICTION DOES NOT LIE IN THIS COURT

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner here attacks a conviction suffered in the Los Angles County Superior Court, and is presently confined in the Los Angeles County Jail. (Pet. at 1.) That court and the jail are located within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Jurisdiction over a § 2254 habeas petition filed by Petitioner lies in the Central District of California, Western Division, and not in this Court.

## CONCLUSION AND ORDER

The Court **DISMISSES** the Petition without prejudice to Petitioner to proceed with his claims in the Central District of California, Western Division.

**IT IS SO ORDERED.**

DATED: 4/30/14

HON. ROGER T. BENITEZ
United States District Judge